Harry Kent COOK, Appellant,

v.

The STATE of Texas, Appellee.

No. 51793.

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

Larry Watts, Houston, for appellant.

Tom Hanna, Dist. Atty. and Jimmie R. Stanton, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin. After a verdict of guilty by the jury, punishment, enhanced by two prior felony convictions, was set at life.

The record reflects that on September 26, 1973, appellant and his brother, Roger Glenn Cook, entered Cliff's 7–11 Store in Port Arthur and bought some groceries. Roger took a package of lunch meat by putting it in his pants and walking out without paying for it. Following store policy, the manager allowed the men to leave and then called the police. Officer LeBlanc responded and filed an offense report on the incident. The report shows that the manager said the automobile which the two men left in was a tan Chrysler product, model unknown.

On September 28, 1973, appellant and his brother Roger returned to the store and were recognized by the manager. The manager asked another customer to call police. The customer flagged down Officer Golden as he passed in a patrol car. The manager told the officer that the two men who had just left the store were the same ones who had stolen some ham from him a couple of nights before. Officer Golden went out to talk to the two men who were sitting in appellant's car, a '66 black over white Chrysler product. Roger was in the

driver's seat, and appellant was seated on the passenger side. The officer determined by radio that there was an outstanding arrest warrant for Roger Cook, spoke to a Sergeant Fontenot, and was instructed by the sergeant to arrest the two men for shoplifting. Roger Cook obtained the manager's permission to park the car on the side of the store and parked and locked it. In the meantime, Officer Brough arrived and was advised by Sergeant Fontenot over the radio to bring the car to the station.

Officer Brough drove the automobile to the jail garage and Officer Golden took the Cook brothers to jail. Officer Golden booked the Cooks into jail, and then went to the garage and inventoried the contents of the car. Under the front seat on the driver's side he found a white paper sack containing cotton balls, a brown bottle full of a clear liquid, and two syringes. In the open ashtray he found an Anacin bottle containing a piece of foil rolled up and pinched on each end. The foil appeared to him to be a "paper" of heroin. The "paper" could be seen without opening the bottle. Chemical analysis determined that the foil in fact contained heroin.

Appellant's brother Roger testified in appellant's behalf at trial. Roger testified that it was he and he alone who possessed the heroin and that appellant knew nothing of it. Roger testified that he had already been tried for the offense, found guilty, and sentenced to seven-and-a-half years.[1]

Appellant contends "that the argument by State's attorney was so prejudicial and inflammatory as to pervert the jury system and it was reversible error for the Court below to deny Defendant's motion for a mistrial."

The State responds to this contention by urging that appellant "has failed to comply with Article 40.09, Sec. 9, V.A.C.C.P. by advocating several different objections to the argument in the same Ground of Error" and that appellant "is ambiguous and non-specific."

Article 40.09, Sec. 9, further provides, ". . . if the court upon consideration of such ground of error in the light of arguments made in support thereof in the brief, can identify and understand such point of objection the same shall be reviewed notwithstanding any generality, vagueness or other technical defect that may exist in the language employed to set forth such ground of error."

The record reflects that the prosecutor argued as follows at the guilt stage of the trial:

"There is a nineteen-seventy decision of the United States called *Pierce vs North Carolina*. *Pierce versus North Carolina* says this: if a man is convicted in a court of law and sentenced to so many years confinement in the penitentiary and if he is granted a new trial, on his second trial he cannot get any more years—

"MR. JAMAIL [defense counsel]: Your Honor, I object to this.

"MR. DOYLE [prosecutor]: —in the penitentiary than he got on his first trial.

"MR. JAMAIL: What he is trying to do is inform the jury about some matter which has nothing to do with this man's innocence or guilt.

"THE COURT: Counsel, that is not a matter that is a subject for argument here.

"MR. JAMAIL: I want the jury instructed, Your Honor—

"MR. DOYLE: Your Honor, motive of Roger's testifying is very much—

"THE COURT: That matter is not in evidence whatsoever and the jury will disregard the argument.

"MR. DOYLE: Your Honor, may I approach the Bench?

"THE COURT: You can approach the Bench, sure.

"(At this point there was an off-the-record discussion between the Court and counsel at the Bench, after which time proceedings were resumed as follows, to-wit):

1. Upon appeal, the judgment of conviction in Roger Glenn Cook's case arising out of the facts detailed herein was reversed and the cause remanded as the result of the prosecutor's argument. *Cook v. State*, Tex.Cr.App., 537 S.W.2d 258.

"MR. JAMAIL: Your Honor, I have to make—for the purpose of the record—I know you have instructed the jury but I do need to make a motion for a mistrial.

"THE COURT: Denied.

"MR. JAMAIL: Note my exception. Thank you, Your Honor, for your instruction.

"MR. DOYLE: Roger Cook has not got one thing to lose—

"MR. JAMAIL: Your Honor, we have just been through that.

"THE COURT: Wait a minute. That's overruled.

"MR. DOYLE: He can come in here and lie and tell any story he wants to. Roger Cook, under no circumstance will ever again be convicted and get more than seven and a half years in the Texas Department of Corrections.

"MR. JAMAIL: Your Honor, that's not—

"THE COURT: Overruled. I didn't mean to answer you before you stated your proposition but I was sure what it was. State it.

"MR. JAMAIL: I don't know how the Judge knew what I was going to say.

"THE COURT: Take it for granted that I did.

"MR. DOYLE: He is not a savior. He's not anybody who would come in here as a sacrificial lamb and throw himself to the dogs to save his brother because it ain't costing him nothing. Not a penny. Not a day.

"MR. JAMAIL: Your Honor, that's a mistake because he could be found innocent if he is given a new trial.

"THE COURT: Overruled."

■ The thrust of the prosecutor's argument appears to be that appellant's brother Roger could never receive more than seven-and-a-half years in the event of retrial un-

der *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, and therefore there was no reason to keep him from lying about possession of the heroin. The prosecutor's statement about *Pearce* is incorrect in that the Supreme Court's holding in *Pearce* is not nearly so broad as represented by the prosecutor.[2]

While the court sustained counsel's first objection and instructed the jury to disregard the prosecutor's first argument relative to Roger Cook never being able to receive more than seven-and-a-half years, the record reflects that the prosecutor persisted in making such argument over appellant's objection.

■ A statement by counsel of what purports to be the law when same is not contained in the court's charge is improper argument. The error here was further compounded when the prosecutor's argument was an incorrect statement of the law and such error in the statement of the law was to the obvious detriment of the appellant. See *Kincaid v. State,* Tex.Cr.App., 534 S.W.2d 340.

The record reflects that in addition to the foregoing argument the prosecutor argued:

"If you don't see what's going on in this trial because—well, I think you probably know by now. You ought to know. But unfortunately criminal trials are not quests for truth or justice. They are methods used by persons to escape the consequences of their acts.

"MR. JAMAIL [defense counsel]: Your Honor, I object to that. That is a direct attack upon the Court.

"THE COURT: No. Members of the jury, disregard the argument."

The court's instruction to disregard the foregoing argument did not remove the harm done in view of the prosecutor's con-

---

**2.** The holding in *North Carolina v. Pearce* does not apply to jury imposed harsher sentences on retrial so long as the jury is not informed of the prior punishment and so long as the last punishment inflicted is not shown to be the product of vindictiveness. *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714; *Curlin v. State,* Tex.Cr.App., 505 S.W.2d 889;

*Fairris v. State,* Tex.Cr.App., 515 S.W.2d 921. Further, a harsher punishment assessed by a judge is not violative of *Pearce* where the reasons for the increased punishment affirmatively appear in the record and are based upon conduct of the defendant occurring after the original sentencing.

tinued remarks characterizing what had transpired as a "rude fake" and telling the jury that in deliberating "you will see what has been attempted by this defendant and Roger to deceive you and walk a man out of this courtroom on some sort of crud, I guess you would call it." See *Anderson v. State,* Tex.Cr.App., 525 S.W.2d 20. In response to appellant's objection to the latter argument, the court admonished the jury to disregard the work "crud" and the prosecutor then inquired of the court if he could use the word "bull."

There was nothing in the record to support the prosecutor's prediction that in the event of retrial, "He [Roger] can sit here again, just like he did the last time, and all that he said in this courtroom will not be admitted against him." See *Cook v. State,* Tex.Cr.App., 537 S.W.2d 258.

The prosecutor further argued:

"I don't know how to argue a case like this. It turns my stomach. I hope you can see through what is going on. There is nothing in the law that says you are not required or that you can't do that and I hope to God you can."

The appellant's objection to the foregoing argument was overruled.

In the same vein, the prosecutor argued that for the jury to find appellant not guilty, ". . . you have got to just about disregard every conceivable honorable thought that you could ever have. . . ." The appellant objected to such argument as "appealing to prejudice" and the court instructed the jury to disregard the word "honorable."

The instant case was submitted to the jury on the law of circumstantial evidence. Appellant was seated on the passenger side of the front seat of the car and in establishing knowing care, custody and control of the contraband the State necessarily had to rely on evidence that the bottle containing the heroin was in an open ashtray on the dashboard and syringes and cotton balls were found under the front seat on the driver's side.

The errors in the prosecutor's argument heretofore reviewed cannot be characterized as harmless, and we conclude the prosecutor's conduct denied the appellant a fair trial. See *Anderson v. State,* supra; *Ruth v. State,* Tex.Cr.App., 522 S.W.2d 517; *Boyde v. State,* Tex.Cr.App., 513 S.W.2d 588; *Renn v. State,* Tex.Cr.App., 495 S.W.2d 922; *Stein v. State,* Tex.Cr.App., 492 S.W.2d 548.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.