**Phillip Anthony WILLIAMS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–271–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 19, 1994.

Helena F. Faulkner, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles Mallin, Asst. Chiefs of the Appellate Section, Francine Y. Lyles, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before LATTIMORE, WEAVER and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant Phillip Anthony Williams was convicted by the court of the offense of robbery by threat. *See* TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1994). The court assessed punishment of twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In one point of error, appellant contends that the evidence was insufficient to support his conviction.

We affirm.

On the evening of August 20, 1992, Robert Griffin was the night clerk at Jamie's Food Store, located in south Fort Worth, Tarrant County, Texas. Shortly after Griffin reported to work, around 11:00 p.m., appellant entered the store and asked if he could purchase cigarettes in cartons. Griffin informed appellant that it was not store policy to sell cigarettes in cartons, but agreed to put the cigarettes in a sack instead.[1] Griffin testified that he felt something was wrong, because appellant appeared nervous. As a result, Griffin kept his hand on the sack at all times. However, as Griffin began to ring the purchase up, appellant grabbed the sack and ran out the front door.

Floyd Heckman, Jr., an off-duty Tarrant County Sheriff's Deputy, witnessed the theft. Deputy Heckman was waiting in line to pay for a coke when he saw appellant grab the sack and run out of the store.[2] The way appellant grabbed the sack prompted Deputy Heckman to ask the clerk, "[d]id he just steal that?". When the clerk responded in the affirmative, Officer Harwell ran out of the store in pursuit of appellant, immediately followed by Deputy Heckman.

During the ensuing foot chase, Deputy Heckman passed Officer Harwell who was yelling, "[p]olice officer, stop." Once appellant realized he was being chased, he ran faster. As the officers followed appellant around the back of the store, appellant repeatedly warned his pursuers to "[l]eave me

alone." Deputy Heckman advised appellant that he was a deputy sheriff, and appellant needed to stop. Appellant again called out, "[l]eave me alone," and added "I will kill you."

As the chase entered a residential area, appellant put his hand under his shirt, in the waistband area, and said "I have got a gun. I will shoot your ass." In response to this threat, Deputy Heckman immediately jumped behind a car which was parked along-side the curb. Deputy Heckman testified that "I was afraid he had a weapon. I mean, I was scared to death. I wasn't armed. I was just in shorts and a T-shirt."

Out of breath and with no desire to catch up with appellant, Deputy Heckman kept his distance hoping appellant would stop. A few blocks from the store, appellant ran into a yard and fell down. When he stood up, appellant threw the sack at Deputy Heckman and warned that he had a knife. Deputy Heckman waited for Officer Harwell to catch up before asking appellant to "show me the knife." Appellant then turned and tried to jump over a six foot privacy fence. However, when appellant could not quite pull himself up, Deputy Heckman and Officer Harwell were able to restrain him.

In his sole point of error, appellant claims that the evidence adduced at trial is insufficient to support a conviction for robbery by threat because the record fails to prove beyond a reasonable doubt that appellant intentionally or knowingly threatened or placed the complainant, Deputy Heckman, in fear of imminent bodily injury or death. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Moreno v.*

---

1. Mr. Griffin testified that he put two cartonsworth of cigarettes in a sack with an approximate value of $50.00.

2. Deputy Heckman, along with his friend, Officer Clint Harwell, had stopped to get gas. Since they had just finished working out at a health club, both men were in shorts and T-shirts.

*State,* 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson,* 819 S.W.2d at 846.

Appellant does not dispute the theft of the cigarettes, but contends that the evidence adduced by the State was insufficient to show that he threatened or placed the complainant in fear of bodily injury or death. The elements of robbery by threats or fear are: (1) a person (2) in the course of committing theft (3) with intent to obtain or maintain control of property (4) knowingly or intentionally (5) threatened or placed another in fear of imminent bodily injury or death. *Robinson v. State,* 553 S.W.2d 371, 373 (Tex. Crim.App.1977); TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1994).

Threatening or placing the complainant in fear is an essential element of section 29.02(a)(2) of the Texas Penal Code (robbery "by threat"). *Rogers v. State,* 756 S.W.2d 332, 335 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (citing *Robinson,* 553 S.W.2d at 373). Deputy Heckman testified that appellant never actually produced a weapon. However, Deputy Heckman went on to state that "[w]ell I believed [appellant] had stolen the property. And I thought he was going to, if he had a weapon, he would probably try to shoot me with it." The appellant need not brandish a weapon to commit the offense of robbery by threat. In fact, we previously held the statement "I've got a gun" sufficient to induce the requisite fear of imminent bodily injury or death. *See Robinson v. State,* 817 S.W.2d 822, 824 (Tex.App.—Fort Worth 1991, pet. ref'd). Therefore, we hold that the evidence is sufficient to support appellant's conviction because it shows that while committing theft, appellant intentionally and knowingly threatened Deputy Heckman and placed him in fear of imminent bodily injury or death.

We affirm the judgment of the trial court.