WHEATON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-033-CR

RYAN OMAR WHEATON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Ryan Omar Wheaton appeals his conviction for robbery by threats.  After a jury found him guilty, Appellant pleaded true to an enhancement paragraph, and the jury assessed his punishment at thirty-one years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant raises two issues concerning the trial court’s refusal to allow his medical records into evidence and the State’s allegedly improper jury argument.  We affirm.

II.  Factual Background

On April 9, 2001, Appellant went inside Texas Bank on South Hulen Street in Fort Worth, Texas.  He asked teller Ellen Briggs if she could help him, and because Briggs was busy, she responded, “Just a moment, please.”  Appellant stood a couple of feet from where Briggs was working.  When Briggs looked up to assist Appellant and asked, “How can I help you?”  Appellant handed her a notebook, which was opened to a page that read in large print, “I have a gun.”

Briggs was scared and told Appellant that there was no money at her station.  Appellant saw a nearby teller, Rachel Elizondo, counting money, and he told Briggs to take the money from her hand.  Briggs was so frightened that she did not hear what Appellant said, and she could not move.  She turned her body toward Elizondo, and then she turned back to Appellant and asked him to repeat what he had said.  Appellant cursed, closed the notebook, and walked out of the bank.  Briggs later identified Appellant as the person who approached her in the bank.

At trial, Appellant testified on his own behalf.  During the direct examination of Appellant, the court admitted Defense Exhibit 3, which contained Appellant’s written acknowledgment of his 
Miranda
 rights and his written statement admitting that he took a note stating that he had a gun to a teller in the Texas Bank and then panicked before he got any money.  In his statement, Appellant claimed his friend Michael Ward forced him at gunpoint to go into the bank to rob it.  At trial, however, Appellant testified that much of what he wrote in his signed statement was not true, including the part about Ward.  Appellant, however, agreed with a statement from his own attorney that he did not dispute any of the testimony from the State’s witnesses.

On cross-examination, Appellant agreed with the State that he walked into the bank, placed a binder on the teller counter, opened the binder, and presented a note to the teller, Ellen Briggs.  Appellant testified, however, that he could not remember what the note said.  Appellant further testified that because of his mental condition, it was not his intention to rob the bank.  Appellant admitted, “I know that my actions are wrong,” but he also stated, “I’m not guilty of my actions because I wasn’t on my medication.”  Appellant later testified that on the day he went into the bank, he had been on marijuana, liquor, and crack.

The State asked, “So essentially what we’re talking about then is you’re strung out on drugs, you haven’t been taking your medication, you walk in and you rob a bank and none of this is your fault.  Is that right?”  Appellant responded, “Correct.  Because I wasn’t in my right state of mind to know what my action was.  And if I was on my medication, I would have never went into the bank.”  After hearing and considering all of the evidence, the jury found Appellant guilty.

III.  Medical Records

In his first issue, Appellant complains that the trial court erred in refusing to allow his medical records into evidence as business records.  The State argues in part that because Appellant offered no expert testimony to explain the records, any probative value they may have had was outweighed by the danger of prejudice, misleading the jury, and confusing the issues.

We review a trial court’s decision to admit or exclude evidence under an abuse of discretion standard.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); 
Reed v. State
, 59 S.W.3d 278, 280 (Tex. App.—Fort Worth 2001, pet. ref’d).  We will not reverse a trial court’s ruling unless that ruling falls outside the “zone of reasonable disagreement.”  
Burden
, 55 S.W.3d at 615; 
Reed
, 59 S.W.3d at 280.

During trial, Appellant testified that he was having psychiatric problems when he robbed the bank and that he was not on his medication at the time he went to the bank.  As other evidence of these problems, Appellant attempted to offer Defendant’s Exhibit 4, which consisted of 272 pages of medical records accompanied by a business records affidavit.  Sustaining the State’s objection,
(footnote: 2) the trial court excluded the exhibit, agreeing with the State that the records constituted inadmissible expert opinion testimony.

This case is factually similar to 
Reed
, in which the appellant offered 149 pages of medical documentation as evidence that her psychiatric condition had rendered her confession involuntary.  59 S.W.3d at 280.  We held that the trial court properly excluded the records because, without an expert witness to assist the jury in understanding appellant’s records and to link the records to the issue of whether Reed’s confession was voluntary, “admission of the records would have created an impermissible danger of misleading the jury and confusing the issues.”  
Id
. at 282-83.

Appellant offered 272 pages–almost twice as many as in 
Reed
–of technical, specialized mental-health records.  But Appellant neither presented nor had available any expert witness to testify to the records’ contents or how they applied to a fact issue in his case.
(footnote: 3)  In fact, defense counsel emphasized to the court, “And, Judge, just to clarify.  We’re offering in records, not a doctor to testify and give his opinion.”  Unaccompanied by any explanatory expert testimony, admission of Appellant’s medical records “would have created an impermissible danger of misleading the jury and confusing the issues.”  
See id
. at 283.  We hold that the trial court acted within its discretion in excluding Appellant’s medical records from evidence.  
See id
.  We therefore overrule Appellant’s first issue.

IV.  Jury Argument

In his second issue, Appellant contends that the trial court erred in overruling his objection to the State’s argument on the matter of the 
mens rea
 of the accused because the State’s argument was a misstatement of the law.  Appellant directs us to the following portion of the State’s closing argument:

[State]:  This act right here of walking up to the teller’s booth, handing her a note, showing it to her and asking her to get the money out of Rachel Elizondo’s hand was an intentional act.  He wasn’t under duress.  We know there wasn’t any duress out there, somebody putting a gun to his head.  We know that part of his statement is a lie.  But he looks very awake, very calm.  Just like he knew what he was doing.  That’s an intentional act, and that is what is meant by an intentional act.

Ellen Briggs was certainly threatened.  It was meant as a threat.  And the fact that he subjectively thinks that, oh, well, I really didn’t mean to hurt her, that’s irrelevant.  It doesn’t -- 

[Defense Counsel]: Your Honor, that’s an absolute misstatement of the law.  His mental state is the issue, and it’s exactly his subjective mental state.

The Court: Overruled. 

[State]: It’s an objective test, ladies and gentlemen, whether or not this act, whether or not this act was an objective threat, not whether or not he can come in here and tell you a bunch of malarky about, oh, I didn’t mean to, I forgot about it.

Appellant contends that the State’s argument encouraged the jury not to consider his state of mind as an element of the offense because the State told the jury that it was irrelevant.  Thus, Appellant argues that, by overruling his objection, the court allowed the jury look away from the correct law that was contained in the charge.

In response to Appellant’s complaint on appeal, the State argues that its closing remarks were proper because it properly distinguished what it was and was not required to prove.
(footnote: 4)  It is improper to argue contrary to the law contained in the jury charge; however, merely going beyond the language of the charge is not erroneous.  
State v. Renteria,
 977 S.W.2d 606, 608 (Tex. Crim. App. 1998) (“[T]here is no error in correctly arguing the law, even if the law is not included in the court’s charge.”).  Furthermore, the law is well-settled that a party does not improperly argue during jury argument by making arguments based on legal principles not contained in the court’s charge.  
Id.; Middlebrook v. State,
 803 S.W.2d 355, 360-61 (Tex. App.—Fort Worth 1990, pet. ref’d); 
Gillis v. State,
 694 S.W.2d 245, 251 (Tex. App.—Fort Worth 1985, pet. ref’d). Appellant was on trial for robbery under section 29.02(a)(2) of the penal code.  
See
 
Tex. Penal Code Ann.
 § 29.02(a)(2) (Vernon 2003).
(footnote: 5)  As we have stated before, there are five elements to the offense of robbery by threats:  (1) a person (2) in the course of committing theft (3) with intent to obtain or maintain control of property (4) knowingly or intentionally (5) threatened or placed another in fear of imminent bodily injury or death.  
Williams v. State
, 886 S.W.2d 495, 497 (Tex. App.—Fort Worth 1994, no pet.) (citing 
Tex. Penal Code Ann
. § 29.02(a)(2) and 
Robinson v. State
, 553 S.W.2d 371, 373 (Tex. Crim. App. 1977)).  

With respect to the fifth element, robbery under section 29.02(a)(2) requires that the fear of imminent bodily injury “must be of such nature as in reason and common experience is likely to induce a person” to surrender property against his or her will.  
See Devine v. State
, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (citing 
Cranford v. State
, 377 S.W.2d 957, 958 (Tex. Crim. App. 1964)).  The State therefore correctly argues that it had to prove, among other elements, that Appellant knowingly or intentionally threatened or placed Briggs in fear of imminent bodily injury or death, and that it is immaterial whether he intended to harm her.  
See
 
Tex. Penal Code Ann
. § 29.02(a)(2); 
Devine
, 786 S.W.2d at 270; 
Williams
, 886 S.W.2d at 497; 
see also
 
Welch v. State
, 880 S.W.2d 225, 226 (Tex. App.—Austin 1994, no pet.) (“The appellate court must ask if the words and conduct of the accused were sufficient to place a 
reasonable person in the victim’s circumstances
 in fear of imminent bodily injury or death.”) (emphasis added).

Moreover, as Appellant acknowledges, the portion of the jury charge’s application paragraph pertinent to 
mens rea
 correctly instructed the jury that:

[I]f you find from the evidence beyond a reasonable doubt that … [Appellant], did then and there intentionally or knowingly, while in the course of committing theft of property, and with intent to obtain or maintain control of said property, threaten or place Ellen Briggs in fear of imminent bodily injury or death, then you will find the defendant guilty of robbery, as alleged in the indictment.

In its closing argument, the State explained that whether Appellant intended to harm Briggs was irrelevant to the jury’s decision, which was not contrary to the court’s charge.

Because the portion of the State’s jury argument to which Appellant objected was not an incorrect statement of the law and was not contrary to any portion of the court’s charge, we hold that the trial court did not err in overruling Appellant’s objection.  
See 
Tex. Penal Code Ann
. § 29.02(a)(2);
 Renteria,
 977 S.W.2d at 608
; Middlebrook,
 803 S.W.2d at 360-61; 
Gillis,
 694 S.W.2d at 251; 
see also Lane v. State
, 775 S.W.2d 875, 876 (Tex. App.—Fort Worth 1989) (holding State’s argument, “It doesn’t have to be that the Defendant intended to hurt [the complainant] . . .” did not misinform the jury regarding the law of robbery under section 29.02(a)(1) of the penal code), 
rev’d on other grounds
, 828 S.W.2d 764 (Tex. Crim. App. 1992).  Accordingly, we overrule Appellant’s second issue.

V.  Conclusion

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: July 3, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The State objected on three main grounds:  (1) the records were not relevant because diminished capacity is not a defense in Texas and because Appellant had not notified the State of an intention to rely on the insanity defense; (2) the records constituted expert testimony and were inadmissible because Appellant was attempting to introduce expert opinion evidence through  hearsay documents; and (3) the evidence was cumulative of Appellant’s prior testimony that he had mental problems.

3:
When the trial court asked what issue Appellant was to raise with the medical records, defense counsel stated that he was “[t]rying to corroborate the testimony of the Defendant, . . . to show that he’s not a liar, that he is under MHMR care, that he is under the medications that he said he was under, [and] that he has been having hallucinations prior to being charged with this case.”

4:
To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.  
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

5:
Section 29.02(a)(2) provides: “A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.”  
Tex. Penal Code Ann
. § 29.02(a)(2); 
see also Chiles v. State
, 988 S.W.2d 411, 414 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. ref’d) (“The actual commission of theft is not a prerequisite of the offense of robbery.”) (citing 
Autry v. State
, 626 S.W.2d 758, 762 (Tex. Crim. App.), 
cert. denied
, 459 U.S. 882 (1982)).