COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-033-CR
 
RYAN OMAR WHEATON                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
I. Introduction
Appellant Ryan Omar Wheaton appeals
his conviction for robbery by threats. After a jury found him guilty, Appellant
pleaded true to an enhancement paragraph, and the jury assessed his punishment
at thirty-one years' confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant raises two issues concerning the trial
court's refusal to allow his medical records into evidence and the State's
allegedly improper jury argument. We affirm.
II. Factual
Background
On April 9, 2001, Appellant went
inside Texas Bank on South Hulen Street in Fort Worth, Texas. He asked teller
Ellen Briggs if she could help him, and because Briggs was busy, she responded,
"Just a moment, please." Appellant stood a couple of feet from where
Briggs was working. When Briggs looked up to assist Appellant and asked,
"How can I help you?" Appellant handed her a notebook, which was
opened to a page that read in large print, "I have a gun."
Briggs was scared and told
Appellant that there was no money at her station. Appellant saw a nearby teller,
Rachel Elizondo, counting money, and he told Briggs to take the money from her
hand. Briggs was so frightened that she did not hear what Appellant said, and
she could not move. She turned her body toward Elizondo, and then she turned
back to Appellant and asked him to repeat what he had said. Appellant cursed,
closed the notebook, and walked out of the bank. Briggs later identified
Appellant as the person who approached her in the bank.
At trial, Appellant testified on
his own behalf. During the direct examination of Appellant, the court admitted
Defense Exhibit 3, which contained Appellant's written acknowledgment of his Miranda
rights and his written statement admitting that he took a note stating that he
had a gun to a teller in the Texas Bank and then panicked before he got any
money. In his statement, Appellant claimed his friend Michael Ward forced him at
gunpoint to go into the bank to rob it. At trial, however, Appellant testified
that much of what he wrote in his signed statement was not true, including the
part about Ward. Appellant, however, agreed with a statement from his own
attorney that he did not dispute any of the testimony from the State's
witnesses.
On cross-examination, Appellant
agreed with the State that he walked into the bank, placed a binder on the
teller counter, opened the binder, and presented a note to the teller, Ellen
Briggs. Appellant testified, however, that he could not remember what the note
said. Appellant further testified that because of his mental condition, it was
not his intention to rob the bank. Appellant admitted, "I know that my
actions are wrong," but he also stated, "I'm not guilty of my actions
because I wasn't on my medication." Appellant later testified that on the
day he went into the bank, he had been on marijuana, liquor, and crack.
The State asked, "So
essentially what we're talking about then is you're strung out on drugs, you
haven't been taking your medication, you walk in and you rob a bank and none of
this is your fault. Is that right?" Appellant responded, "Correct.
Because I wasn't in my right state of mind to know what my action was. And if I
was on my medication, I would have never went into the bank." After hearing
and considering all of the evidence, the jury found Appellant guilty.
III. Medical
Records
In his first issue, Appellant
complains that the trial court erred in refusing to allow his medical records
into evidence as business records. The State argues in part that because
Appellant offered no expert testimony to explain the records, any probative
value they may have had was outweighed by the danger of prejudice, misleading
the jury, and confusing the issues.
We review a trial court's decision
to admit or exclude evidence under an abuse of discretion standard. Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); Reed v. State,
59 S.W.3d 278, 280 (Tex. App.--Fort Worth 2001, pet. ref'd). We will not reverse
a trial court's ruling unless that ruling falls outside the "zone of
reasonable disagreement." Burden, 55 S.W.3d at 615; Reed,
59 S.W.3d at 280.
During trial, Appellant testified
that he was having psychiatric problems when he robbed the bank and that he was
not on his medication at the time he went to the bank. As other evidence of
these problems, Appellant attempted to offer Defendant's Exhibit 4, which
consisted of 272 pages of medical records accompanied by a business records
affidavit. Sustaining the State's objection, (2)
the trial court excluded the exhibit, agreeing with the State that the records
constituted inadmissible expert opinion testimony.
This case is factually similar to Reed,
in which the appellant offered 149 pages of medical documentation as evidence
that her psychiatric condition had rendered her confession involuntary. 59
S.W.3d at 280. We held that the trial court properly excluded the records
because, without an expert witness to assist the jury in understanding
appellant's records and to link the records to the issue of whether Reed's
confession was voluntary, "admission of the records would have created an
impermissible danger of misleading the jury and confusing the issues." Id.
at 282-83.
Appellant offered 272 pages-almost
twice as many as in Reed-of technical, specialized mental-health
records. But Appellant neither presented nor had available any expert witness to
testify to the records' contents or how they applied to a fact issue in his
case. (3) In fact, defense counsel emphasized to
the court, "And, Judge, just to clarify. We're offering in records, not a
doctor to testify and give his opinion." Unaccompanied by any explanatory
expert testimony, admission of Appellant's medical records "would have
created an impermissible danger of misleading the jury and confusing the
issues." See id. at 283. We hold that the trial court acted within
its discretion in excluding Appellant's medical records from evidence. See
id. We therefore overrule Appellant's first issue.
IV. Jury Argument
In his second issue, Appellant
contends that the trial court erred in overruling his objection to the State's
argument on the matter of the mens rea of the accused because the
State's argument was a misstatement of the law. Appellant directs us to the
following portion of the State's closing argument:

        
 [State]: This act right here of walking up to the teller's booth, handing her
 a note, showing it to her and asking her to get the money out of Rachel
 Elizondo's hand was an intentional act. He wasn't under duress. We know there
 wasn't any duress out there, somebody putting a gun to his head. We know that
 part of his statement is a lie. But he looks very awake, very calm. Just like
 he knew what he was doing. That's an intentional act, and that is what is
 meant by an intentional act.
        
 Ellen Briggs was certainly threatened. It was meant as a threat. And the fact
 that he subjectively thinks that, oh, well, I really didn't mean to hurt her,
 that's irrelevant. It doesn't --
        
 [Defense Counsel]: Your Honor, that's an absolute misstatement of the law. His
 mental state is the issue, and it's exactly his subjective mental state.
        
 The Court: Overruled.
        
 [State]: It's an objective test, ladies and gentlemen, whether or not this
 act, whether or not this act was an objective threat, not whether or not he
 can come in here and tell you a bunch of malarky about, oh, I didn't mean to,
 I forgot about it.

 
Appellant contends that the State's
argument encouraged the jury not to consider his state of mind as an element of
the offense because the State told the jury that it was irrelevant. Thus,
Appellant argues that, by overruling his objection, the court allowed the jury
look away from the correct law that was contained in the charge.
In response to Appellant's
complaint on appeal, the State argues that its closing remarks were proper
because it properly distinguished what it was and was not required to prove.
(4) It is improper to argue contrary to the law contained in the jury
charge; however, merely going beyond the language of the charge is not
erroneous. State v. Renteria, 977 S.W.2d 606, 608 (Tex. Crim. App.
1998) ("[T]here is no error in correctly arguing the law, even if the law
is not included in the court's charge."). Furthermore, the law is
well-settled that a party does not improperly argue during jury argument by
making arguments based on legal principles not contained in the court's charge. Id.;
Middlebrook v. State, 803 S.W.2d 355, 360-61 (Tex. App.--Fort Worth 1990,
pet. ref'd); Gillis v. State, 694 S.W.2d 245, 251 (Tex. App.--Fort
Worth 1985, pet. ref'd).
Appellant was on trial for robbery
under section 29.02(a)(2) of the penal code. See Tex. Penal Code Ann.
§ 29.02(a)(2) (Vernon 2003). (5) As we have
stated before, there are five elements to the offense of robbery by threats: (1)
a person (2) in the course of committing theft (3) with intent to obtain or
maintain control of property (4) knowingly or intentionally (5) threatened or
placed another in fear of imminent bodily injury or death. Williams v. State,
886 S.W.2d 495, 497 (Tex. App.--Fort Worth 1994, no pet.) (citing Tex. Penal
Code Ann. § 29.02(a)(2) and Robinson v. State, 553 S.W.2d 371, 373
(Tex. Crim. App. 1977)).
With respect to the fifth element,
robbery under section 29.02(a)(2) requires that the fear of imminent bodily
injury "must be of such nature as in reason and common experience is likely
to induce a person" to surrender property against his or her will. See
Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (citing Cranford
v. State, 377 S.W.2d 957, 958 (Tex. Crim. App. 1964)). The State therefore
correctly argues that it had to prove, among other elements, that Appellant
knowingly or intentionally threatened or placed Briggs in fear of imminent
bodily injury or death, and that it is immaterial whether he intended to harm
her. See Tex. Penal Code Ann. § 29.02(a)(2); Devine, 786
S.W.2d at 270; Williams, 886 S.W.2d at 497; see also Welch
v. State, 880 S.W.2d 225, 226 (Tex. App.--Austin 1994, no pet.) ("The
appellate court must ask if the words and conduct of the accused were sufficient
to place a reasonable person in the victim's circumstances in fear of
imminent bodily injury or death.") (emphasis added).
Moreover, as Appellant
acknowledges, the portion of the jury charge's application paragraph pertinent
to mens rea correctly instructed the jury that:

        
 [I]f you find from the evidence beyond a reasonable doubt that 
 [Appellant], did then and there intentionally or knowingly, while in the
 course of committing theft of property, and with intent to obtain or maintain
 control of said property, threaten or place Ellen Briggs in fear of imminent
 bodily injury or death, then you will find the defendant guilty of robbery, as
 alleged in the indictment.

 
In its closing argument, the State
explained that whether Appellant intended to harm Briggs was irrelevant to the
jury's decision, which was not contrary to the court's charge.
Because the portion of the State's
jury argument to which Appellant objected was not an incorrect statement of the
law and was not contrary to any portion of the court's charge, we hold that the
trial court did not err in overruling Appellant's objection. See Tex.
Penal Code Ann. § 29.02(a)(2); Renteria, 977 S.W.2d at 608; Middlebrook,
803 S.W.2d at 360-61; Gillis, 694 S.W.2d at 251; see also Lane v.
State, 775 S.W.2d 875, 876 (Tex. App.--Fort Worth 1989) (holding State's
argument, "It doesn't have to be that the Defendant intended to hurt [the
complainant] . . ." did not misinform the jury regarding the law of robbery
under section 29.02(a)(1) of the penal code), rev'd on other grounds,
828 S.W.2d 764 (Tex. Crim. App. 1992). Accordingly, we overrule Appellant's
second issue.
V. Conclusion
Having overruled both of
Appellant's issues, we affirm the trial court's judgment.
 
                                                       
   ANNE GARDNER
                                                       
   JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 3, 2003

1. See Tex. R. App. P. 47.4.
2. The State objected on three main grounds: (1) the
records were not relevant because diminished capacity is not a defense in Texas
and because Appellant had not notified the State of an intention to rely on the
insanity defense; (2) the records constituted expert testimony and were
inadmissible because Appellant was attempting to introduce expert opinion
evidence through hearsay documents; and (3) the evidence was cumulative of
Appellant's prior testimony that he had mental problems.
3. When the trial court asked what issue Appellant was to
raise with the medical records, defense counsel stated that he was
"[t]rying to corroborate the testimony of the Defendant, . . . to show that
he's not a liar, that he is under MHMR care, that he is under the medications
that he said he was under, [and] that he has been having hallucinations prior to
being charged with this case."
4. To be permissible, the State's jury argument must fall
within one of the following four general areas: (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; or (4) plea for law enforcement. Felder v. State, 848 S.W.2d
85, 94-95 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro
v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
5. Section 29.02(a)(2) provides: "A person commits an
offense if, in the course of committing theft as defined in Chapter 31 and with
intent to obtain or maintain control of the property, he intentionally or
knowingly threatens or places another in fear of imminent bodily injury or
death." Tex. Penal Code Ann. § 29.02(a)(2); see also Chiles v. State,
988 S.W.2d 411, 414 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd)
("The actual commission of theft is not a prerequisite of the offense of
robbery.") (citing Autry v. State, 626 S.W.2d 758, 762 (Tex. Crim.
App.), cert. denied, 459 U.S. 882 (1982)).