### The STATE of Texas,

v.

### Jesse Alvarez RENTERIA, Appellant.

### No. 656–97.

Court of Criminal Appeals of Texas, En Banc.

July 8, 1998.

Robert V. Garcia, Jr., Odessa, for appellant.

Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PRICE, Judge, delivered the opinion of the court, joined by McCORMICK, Presiding Judge and MEYERS, MANSFIELD, KELLER, HOLLAND and WOMACK, Judges.

Appellant was convicted of the offense of murder and sentenced to life imprisonment and a $10,000 fine. He was part of a group who attended a party on August 21, 1993. Several people, including appellant and the victim, Freddy Belis, left to purchase liquor. Belis was the only one of legal age to purchase alcohol, but he was refused purchase because he was too intoxicated. On the way back, Belis apparently propositioned one of the group, Chris Galindo. Galindo reported this at the party. Later, Belis was enticed into leaving the party again, this time in his own car, with a group including appellant. He was pulled out of his car, beaten by several of the passengers, and then abandoned. They returned and ran over Belis several times.

On appeal, appellant claimed, among his points of error, that the trial court erred in overruling his objection to the State's assertion in final argument that the jury could find appellant guilty as a party. Appellant contended that this allowed the State to argue a theory of criminal responsibility not properly included in the jury charge. The Court of Appeals agreed and reversed the conviction on this basis. *Renteria v. State*, No. 08–95–00155–CR, slip op. at 10 (Tex.App.-El Paso March 6, 1997, pet. granted) (not designated for publication). It found that the jury charge included an instruction on the law of criminal responsibility as a party in the abstract portion, but not in the application paragraph. *Id.* at 11. The application paragraph required the jury to find the appellant guilty only if he

> "did . . . intending to cause serious bodily injury to [the victim], intentionally or knowingly commit an act clearly dangerous to human life, namely striking, beating and kicking him . . . with his, the defendant's hands and feet and by striking and driving over the body of [the victim] with a deadly weapon. . . ."

*Id.* The Court of Appeals concluded that the issue of appellant's criminal responsibility as a party was not properly before the jury, and that the trial court erred in allowing the State to argue that the jury could find appellant guilty as a party. *Id.* at 12. Finding that the error was not harmless, it did not reach appellant's remaining points of error, and reversed the trial court's judgment and remanded the case for a new trial. *Id.* at 13–14. We granted the State's petition for discretionary review on the following ground: Where a parties instruction is set forth in the abstract portion of the charge but not in the application paragraph, is it improper for the prosecutor to argue that the jury can convict the defendant as a party?

In reversing the trial court, the Court of Appeals relied on a number of decisions, including *Jones v. State*, 815 S.W.2d 667

(Tex.Crim.App.1991). In *Jones,* the abstract portion of the jury charge included an instruction on the theory of parties, but the application portion only authorized conviction for aggravated robbery and robbery as a principal. *Id.* at 668. We held that in measuring the evidence against the entire charge, the evidence was insufficient to convict Jones of aggravated robbery in a non-parties capacity. *Id.* at 670–671. We reversed and ordered a judgment of acquittal. *Id.* at 671.

*Jones* relied upon a line of cases which dealt with sufficiency of the evidence as measured against the jury charge and which have developed into the *Benson/Boozer* doctrine. This doctrine was recently overruled by us in *Malik v. State,* 953 S.W.2d 234, 236–240 (Tex. Crim.App.1997). The reasoning from *Jones* and other, similar cases has itself become known as the *Jones/Walker* doctrine. *See, e.g., Higginbotham v. State,* 919 S.W.2d 502, 504 (Tex.App.–Fort Worth 1996, pet. ref'd). One question left open after *Malik* is the continuing validity of the *Jones/Walker* doctrine.

However, we need not resolve that question today, because *Jones/Walker* and *Benson/Boozer* dealt with *sufficiency of the evidence as measured against the jury charge.* Here, the issue before the Court concerns *improper jury argument.*[1]

■ We have long held that "error in jury argument does not lie in going beyond the court's charge, but in stating law contrary to the same."[2] That is, there is no error in correctly arguing the law, even if the law is not included in the court's charge. Thus, a claim that the prosecutor argued beyond the charge cannot, in and of itself, constitute improper jury argument. Therefore, even assuming in the present case that the prosecutor's argument went beyond the jury charge by arguing issues only included in the abstract portion of the charge, there was no error, as the prosecution properly argued the parties issue to the jury. *See Renteria,* slip. op. at 10–12; Tr., vol. XI, at 15–17, 40–41. The State's point of error is sustained.

The Court of Appeals in this case is not the first to transform the *Jones/Walker* doctrine into an "improper jury argument" rule. *See Sandoval v. State,* 846 S.W.2d 9, 11 (Tex.App.–Corpus Christi 1992, pet. ref'd) (holding that, under *Jones,* theory of transferred intent was not properly before jury because it did not appear in the application paragraph, so that trial court erred in allowing the prosecution to argue it to the jury). Because *Jones/Walker* relates only to sufficiency of the evidence, we hereby disavow the language holding otherwise in *Sandoval.*

We reverse the judgment of the Court of Appeals and remand the cause there to address appellant's remaining points of error.

OVERSTREET, J., dissents with an opinion which BAIRD, J., joins.

OVERSTREET, Judge, dissents.

The court's charge to the jury at the conclusion of evidence is the only law which jurors are to apply in reaching their decision. The application paragraph is that part of the court's charge that authorizes the jury to convict. In the case before us, it is undisputed that the application part of the court's charge did not authorize the jury to convict appellant as a party.

Simply put, the question is whether a parties charge must be included in the application paragraph of the court's charge to the jury before a conviction on that theory is authorized? The State's petition asks, in essence, is it error for the prosecutor to argue for a conviction based on a theory not in the application paragraph but contained in the abstract portion of the charge?[1] Con-

---

1. Appellant did make a sufficiency argument, but it was limited to whether or not certain of the State's witnesses were accomplices as a matter of law. The Court of Appeals overruled this point of error and it is not before us now. *See Renteria,* slip. op. at 8–10.

2. *See, e.g., Mauldin v. State,* 628 S.W.2d 793, 795 (Tex.Crim.App.1982); *Hill v. State,* 518 S.W.2d 810, 813–814 (Tex.Crim.App.1975); *Singleton v. State,* 479 S.W.2d 672, 674 (Tex.Crim.App.1972); *Patterson v. State,* 458 S.W.2d 658, 661 (Tex. Crim.App.1970); *Daywood v. State,* 248 S.W.2d 479, 484 (Tex.Crim.App.1952).

1. The State Prosecuting Attorney's question upon which we granted review asks:

trary to the majority, I answer "yes" to both propositions.

Because the majority reverses the court of appeals and once again provides cover for another trial judge to the detriment of the law and a citizen accused, I dissent.[2]

The disposition of this case should be decided on the issue of whether the State, over the objection of appellant, engaged in improper argument.[3] To answer this question, the majority would take us on a journey backwards to the good ole days of 1952 and *Daywood v. State*, 157 Tex.Crim. 266, 248 S.W.2d 479 (1952). A journey that starts with a grand ole quote, but nevertheless the wrong road. Oh!, the quote,

> Error in argument does not lie in going beyond the court's charge, but lies in stating law contrary to the same.

*Daywood*, 248 S.W.2d at 484. But what about the rest of the story, when this Court held, "We do not find such here." *Id.*

The majority, riding *Daywood*, *supra*, states, "That is, there is no error in correctly arguing the law, even if the law is not included in the court's charge. Thus, a claim that the prosecutor argued beyond the charge cannot, in and of itself, constitute improper jury argument." *Renteria v. State*, 977 S.W.2d 606, 608 (Tex.Cr.App.).

What the majority fails to realize and reveal is that the discussion of the law of parties was attached to arguments concerning two of the witnesses being accomplices as a matter of law and two of them being to be determined by the jury as accomplices as a matter of fact. In the context of the jury charge itself, and revealed by the discussions of the litigants, the jury charge contained the law of parties in an attempt to help the jury to decide if witnesses Chris Galindo and Cesar Udave were accomplices in fact. *See*

*Renteria v. State*, No. 08–95–00155–CR (Tex. App.—El Paso 1997) and the trial record.

The law of parties in the court's charge was never given in connection with appellant. To read it as such is gross error. In fact, the only mention of appellant being a party to the offense came from the mouth of the prosecutor in argument, over the objection of appellant. At all times, appellant was prosecuted as a principal actor.

The majority's logic in order to reach the desired result can be read to mean that the court's charge is utterly useless and/or unnecessary because the parties are not bound by it and the jury can be guided by the law argued by lawyers so long as it is correct. The question then becomes why isn't the correct law in the charge? The answer is simple; the judge didn't include it. Appellant did not and should not have objected to its absence because of the State's theory during trial when it presented evidence to support the indictment allegation that appellant was guilty as a primary actor and not as a party.

The majority stiff-arms the court of appeals, kicks sand in the eye of stare decisis, and now authorizes the government to convict a citizen accused by allowing the government's lawyer to blatantly argue to lay citizen jurors to convict on a theory of law not contained in the application part of the court's charge to the jury. To these strong-arm tactics and the opinion of the majority, I dissent.

BAIRD, J., joins.

---

Where a parties instruction is set forth in the abstract portion of the charge but not in the application paragraph, is it improper for the prosecutor to argue that the jury can convict the defendant as a party?

2. If the trial judge believed that the law of parties applied to the case, he should have included it in the application paragraph which authorizes a jury to convict. *Campbell v. State*, 910 S.W.2d

475, 477 (Tex.Cr.App.1995), *cert. denied*, 517 U.S. 1140, 116 S.Ct. 1430, 134 L.Ed.2d 552 (1996).

3. It is clear from the record and undisputed by the parties that the application paragraph of the court's charge to the jury did not authorize the jury to convict appellant as a party for the offense of murder.