TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00825-CR






Tawana K. Burgess, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,477, HONORABLE MARTHA TRUDO, JUDGE PRESIDING







 Appellant Tawana K. Burgess was convicted by a jury of tampering with a
government record and was sentenced by the court to two years' confinement in a state jail, with
the sentence suspended for five years. See Tex. Penal Code Ann. § 37.10(a)(5), (c) (West 1994).
Appellant presents two issues, contending (1) that the trial court erred in admitting an exhibit
containing hearsay; and (2) that the prosecutor's closing argument was improper. We will affirm.

 Appellant does not contest the sufficiency of the evidence to support her conviction
for what she describes as welfare fraud. Only a brief description of the offense is necessary to put
her appellate issues in context. The evidence shows that appellant made a false entry on an
application for assistance form submitted to the Texas Department of Human Services. She
answered "No" to the question whether she or anyone living with her received money from job
training or work, although she was in fact employed by a private firm.

Objection to Evidence as Hearsay Within Hearsay

 Appellant's first issue contends that the trial court erred in admitting into evidence
over her objection State's exhibit number one, which is the welfare agency's file on her application
for assistance. The file also contained documents developed and obtained during the investigation
of whether the information given to obtain financial assistance was false. State's exhibit number
one was introduced as a self-authenticating business record. (1) Appellant acknowledges that the
State gave timely notice of intent to introduce the agency business records in evidence at trial.

 Appellant objected to the admission of State's exhibit number one on the ground
that the file contained "hearsay within hearsay from individuals not of their department." 
Appellant specifically complained of pages in the file which were prepared by the private company
that employed appellant. The documents listed appellant's dates of employment and the amounts
of money paid to her for working for the company. Appellant initially objected to admission of
the two pages of employment earnings, then stated the objection as being "to the entire document
on the basis it hasn't been properly proven in court to be an exception under the law as it's
provided." Appellant's objection to the entire exhibit is so vague and uncertain that we cannot
determine its basis, and the record does not reveal the basis. An appellant must preserve error by
"stating the grounds for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless the specific grounds
were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). Appellant has not called our
attention to anything in the record showing that the nature of this general complaint was apparent
to the trial court from the context. It is not apparent to us. We find that appellant's objection was
not sufficiently specific to preserve her general objection to the entire exhibit for review. See
Martinez v. State, 969 S.W.2d 497, 499 (Tex. App.--Austin 1998, no pet.). Therefore, we limit
our consideration to the specific objection to the admission of her earnings history information
obtained from appellant's former employer.

 The State contends that even if the admission of the employment information in the
agency's file was in error, any error was cured by the admission of the same information later in
the trial through the testimony of appellant's former employer who identified her and the
information about her earnings history. We agree. Witness Faunce Robertson testified that he
was the director of operations for Accustaff in Killeen, identified appellant as a former employee,
and identified various exhibits as business records of the company and himself as custodian of
those records. Appellant specifically stated she had no objection to the introduction of the
earnings history information through this witness. The information in these records was the same
as that in the agency's file to which appellant directed her earlier objection.

 The general rule is that an error regarding improperly admitted evidence is waived
if that same evidence is later introduced without objection. See Rogers v. State, 853 S.W.2d 29,
35 (Tex. Crim. App. 1993). A party is required to object each time inadmissible evidence is
offered. Ethington v. State, 819 S.W.2d 854, 858-60 (Tex. Crim. App. 1991). If a defendant
objects to admission of evidence but that same evidence is subsequently introduced from another
source without objection, then defendant waives the earlier objection. Massey v. State, 933
S.W.2d 141,149 (Tex. Crim. App. 1996). Appellant expressly waived objection to her former 
employer's providing her employment information and thus waived her earlier objection to the
same information in the agency's file. In addition, even if the information in the agency's file was
inadmissible, error in the admission of evidence can be rendered harmless where other admissible
evidence proves the same facts that the inadmissible evidence sought to prove. Anderson v. State,
717 S.W.2d 622, 628 (Tex. Crim. App. 1986). See Perry v. State, 957 S.W.2d 894, 900 (Tex.
App.--Texarkana 1997, pet. ref'd) (holding admission of list of missed child support payments
harmless). We determine that appellant waived error, if any, by failing to object to the admission
of the same information later in the trial. In addition, even if the objection had been preserved and
admission of the information from the agency's file was error, it was harmless because the same
information came in without objection directly from her former employer. Appellant's first issue
is overruled.


Whether Prosecutor Commented on Appellant's Failure to Testify

 Appellant's second issue complains of the prosecutor's closing argument. She
claims that he commented on her failure to testify and that this violated the Code of Criminal
Procedure as well as defendant's rights under sate and federal constitutions. Tex. Code Crim.
Proc. Ann. art. 38.08 (West 1979); Tex. Const. art. I, § 10; U.S. Const. Amend. V. Her
objection was overruled. The prosecutor began his argument by reviewing the elements of the
offense and recalling the evidence which proved each element. When he got to the culpable
mental element, he explained that the State had to prove that appellant intentionally and knowingly
attempted to defraud the Texas Department of Human Services by making a false entry in a
government record. He stated: "Now, of course, we haven't had anyone come before you to say
that yes, she intended to fill out these forms the way she did." Appellant objected to this remark
as a comment on her failure to testify, and the objection was overruled. The prosecutor continued
his argument:


However, we would certainly submit to you that intent can be inferred from
someone's actions. We not only have the defendant filling out the particular
question that was alleged on Form 1010 falsely, we have her filling out a series of
questions falsely. We have her telling a worker that, no, she's not working.



 Comments by the State that allude to the defendant's failure to testify are error. 
E.g., Montoya v. State, 744 S.W.2d 15 (Tex. Crim. App. 1987). Lopez v. State, 793 S.W.2d
738, 741 (Tex. App.--Austin 1990), pet. dism'd, improvidently granted, 810 S.W.2d 401 (Tex.
Crim. App. 1991). In deciding whether a comment was error, we must look at it from the jury's
perspective and decide whether the comment necessarily referenced the defendant's failure to
testify. See Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992) (citing Koller v.
State, 518 S.W.2d 373, 375 (Tex. Crim. App. 1975)). See Cooper v. State, 959 S.W.2d 682, 686
(Tex. App. Austin 1997, pet. ref'd). In order to violate the right against self-incrimination or
Article 38.08, supra, the language, when viewed from the jury's standpoint, must be manifestly
intended or of such a character that the jury would necessarily and naturally take it as a comment
on the accused's failure to testify. Banks v. State, 643 S.W.2d 129, 134 (Tex. Crim. App. 1982).

The fact that the language might be construed as an implied or indirect allusion to a defendant's
failure to testify is not sufficient. Swallow v. State, 829 S.W.2d at 225.

 The comments in the instant case are similar to those in Staley v. State, 887 S.W.2d
885 (Tex. Crim. App. 1994). In Staley, the prosecutor argued:


Let's talk a little about intentional and what kind of actions we have. There's so
many actions. We have to prove that this defendant's conduct is intentional. And
that's what we have to prove as we told you on voir dire. Remember also on voir
dire when we talked about intentional can be proved circumstantially, the legal term
meaning that you don't have to have a person saying what he's going to do, you
can't read another person's mind, but you can judge his intent.



Id. at 896. The court held that this language did not constitute a direct reference to the appellant's
failure to testify, but from the jury's perspective, the argument was an attempt to explain how
"intent" is established through the circumstantial evidence presented at trial. The court said that
while the State's definition or explanation of circumstantial evidence may have been lacking, the
prosecutor's comments did not rise to the level of an improper comment on appellant's failure to
testify.

 The prosecutor's argument in the instant case was not as close to the line as that in
Staley, and we do not believe that the language used necessarily implied a reference to appellant's
failure to testify. It was not "manifestly intended or of such a character that the jury would
necessarily and naturally take it as a comment on the accused's failure to testify." Banks, 643
S.W.2d at 134. It is not sufficient that the language might be construed as an implied or indirect
allusion to the failure to testify. Madden v. State, 799 S.W.2d 683, 699 (Tex. Crim. App. 1990). 
A mere indirect or implied allusion to the accused's failure to testify does not violate appellant's
rights. Patrick v. State, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995). In the instant case,
the prosecutor was arguing that there was evidence that proved appellant's intent and then
reviewed that evidence in detail. The comment was directed to what the State had proved, not
what the appellant had failed to prove.

 The Court of Criminal Appeals has recently discussed the difficulty of proving
intent. In Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998), the Court said:


Mental states are almost always inferred from acts and words. "Mental culpability
is of such a nature that it generally must be inferred from the circumstances under
which a prohibited act or omission occurs." Hernandez v. State, 819 S.W.2d 806,
810 (Tex.Cr.App.1991). A defendant's mental state ''was concealed within his
own mind and can only be determined from his words, acts, and conduct." 
Norwood v. State, 135 Tex.Crim. 406, 120 S.W.2d 806, 809 (1938).



Here, the prosecutor's argument was an accurate statement of the law, as reflected in Moore. The
court has long held that error in argument does not lie in going beyond the court's charge, but in
stating law contrary to the charge. State v. Renteria, 977 S.W.2d 606, 608 (Tex. Crim. App.
1998). The prosecutor's argument was also a fair summation of the evidence supporting the
mental element in the State's case. See Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973) (stating permissible areas of jury argument, including summation of evidence). The
trial court did not err in overruling the objection, and we overrule appellant's second appellate
issue.

 We note that appellant attempts to include other points in her second appellate issue.
She asserts that the State's argument that other false answers on the same form were evidence of
appellant's intent to defraud was impermissible because "it is fundamentally wrong to authorize
a conviction on any state of facts other than those which support the finding of the truth of the
indictment." Appellant did not preserve this issue for appeal. She made no objection on this basis
and the trial court was not given the opportunity to rule on it. Appellant's legal authorities cited
have nothing to do with improper argument by the State, but concern variance between the
indictment and the court's charge, and defective instructions by the court. We decline to address
these additional matters under her second appellate issue because they were not preserved at trial
or adequately briefed for appeal.


Conclusion

 Having overruled appellant's two issues, we affirm the judgment of the trial court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: February 19, 1999

Do Not Publish

1.   This exhibit has a self-authenticating affidavit from the custodian of records of the agency
and bears a file mark from the court clerk dated more than fourteen days before the trial began. 
See Tex. R. Evid. 803(6)(records of regularly conducted activity an exception to hearsay rule);
902(10)(self-authentication of business records accompanied by affidavit when records are on file
and notice is given to opposing party fourteen days prior to trial).


irect reference to the appellant's
failure to testify, but from the jury's perspective, the argument was an attempt to explain how
"intent" is established through the circumstantial evidence presented at trial. The court said that
while the State's definition or explanation of circumstantial evidence may have been lacking, the
prosecutor's comments did not rise to the level of an improper comment on appellant's failure to
testify.

 The prosecutor's argument in the instant case was not as close to the line as that in
Staley, and we do not believe that the language used necessarily implied a reference to appellant's
failure to testify. It was not "manifestly intended or of such a character that the jury would
necessarily and naturally take it as a comment on the accused's failure to testify." Banks, 643
S.W.2d at 134. It is not sufficient that the language might be construed as an implied or indirect
allusion to the failure to testify. Madden v. State, 799 S.W.2d 683, 699 (Tex. Crim. App. 1990). 
A mere indirect or implied allusion to the accused's failure to testify does not violate appellant's
rights. Patrick v. State, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995). In the instant case,
the prosecutor was arguing that there was evidence that proved appellant's intent and then
reviewed that evidence in detail. The comment was directed to what the State had proved, not
what the appellant had failed to prove.

 The Court of Criminal Appeals has recently discussed the difficulty of proving
intent. In Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998), the Court said:


Mental states are almost always inferred from acts and words. "Mental culpability
is of such a nature that it generally must be inferred from the circumstances under
which a prohibited act or omission occurs." Hernandez v. State, 819 S.W.2d 806,
810 (Tex.Cr.App.1991). A defendant's mental state ''was concealed within his
own mind and can only be determined from his words, acts, and conduct." 
Norwood v. State, 135 Tex.Crim. 406, 120 S.W.2d 806, 809 (1938).



Here, the prosecutor's argument was an accurate statement of the law, as reflected in Moore. The
court has long held that error in argument does not lie in going beyond the court's charge, but in
stating law contrary to the charge. State v. Renteria, 977 S.W.2d 606, 608 (Tex. Crim. App.
1998). The prosecutor's argument was also a fair summation of the evidence supporting the
mental element in the State's case. See Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973) (stating permissible areas of jury argument, including summation of evidence). The
trial court did not err in overruling the objection, and we overrule appellant's second appellate
issue.

 We note that appellant attempts to include other points in her second appellate issue.
She asserts that the State's argument that other false answers on the same form were evidence of
appellant's intent to defraud was impermissible because "it is fundamentally wrong to authorize
a conviction on any state of facts other than those which support the finding of the truth of the
indictment." Appellant did not preserve this issue for appeal. She made no objection on this basis
and the trial court was not given the opportunity to rule on it. Appellant's legal authorities cited
have nothing to do with improper argument by the State, but concern variance between the
indictment and the court's charge, and defective instructions by the court. We decline to address
these additional matters under her second appellate issue because they were not preserved at trial
or adequat