POLK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-124-CR

STEVEN WAYNE POLK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Steven Wayne Polk appeals his conviction for aggravated robbery with a deadly weapon.  In his sole point, he complains that the trial court erred by overruling his objection to the prosecutor’s improper jury argument.  We affirm.

Factual Background

On June 19, 2001, Quenton Smith, James Ranier, and Jonah Ward were working at and closing an area U-Haul store.  Appellant, wearing a mask and carrying a revolver, entered the store and demanded the money from the cash register and the safe, including the money hidden under the cash drawer of each register.  He then took the personal belongings of the men, which included a cell phone, a watch, and their wallets.

While leaving the store, appellant approached William Pena, who had arrived to clean the store’s floors.  Appellant, still holding the revolver, told Pena to get inside and then took his wallet.  Once appellant left, Pena waited a few minutes before going inside the store to see if anybody was hurt and to call 911.

After the police arrived, Pena described the suspect and the green van that appellant was driving.  Officer Michael Williams was on patrol that evening for the Fort Worth Police Department.  He heard a broadcast over his radio concerning the robbery, including the description of the suspect and the van.  As Officer Williams headed towards his beat area, he noticed a small green van that matched the description of the vehicle given on the broadcast.  Officer Williams made eye contact with the passenger of the van, and the passenger immediately looked away in a suspicious manner.  Officer Williams then tried to get more information about the van to determine if it was the one involved in the robbery.  The dispatcher told him that the van involved in the robbery was a green Ford Astro.  The van he was following matched this description. Officer Williams then initiated a stop.

Appellant was the passenger in the van. 
 When Officer Williams asked for identification, he noticed that appellant’s pants pockets contained more than one wallet.  Officer Williams looked through two wallets before he found appellant’s wallet with his identification.

After the police arrested appellant, Officer Williams inspected the van and found a revolver in the passenger seat.  An inspection of the back of the van revealed a trash bag full of money, wallets, and other assorted items. 

On June 22, 2001, approximately two days after the robbery, Detective  Linda Weenig met with appellant.  After appellant signed a waiver, he told Detective Weenig what happened because “he wanted to get it off his chest.” He then put his statement in writing.

Appellant pled not guilty to the aggravated robbery charge, but the jury found appellant guilty.  Appellant then pled true to an enhancement paragraph in the indictment.  The jury sentenced him to fifty-five years’ confinement.

Jury Argument

In his sole point, appellant contends that 
the trial court erred by overruling his objection to the prosecutor’s improper jury argument
.  Specifically, he claims that the prosecutor improperly argued that a lack of reasonable suspicion on Officer Williams’s part for the initial stop of the van would not affect the jury’s ability to consider his confession.  Appellant argues that the “poisonous tree” theory applies.  The State responds that the argument was proper, and even if it was improper, any error is harmless because appellant’s substantial rights were not affected. 

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection cannot be reversible error unless, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict. 
 
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999)
.

It is improper to argue contrary to the law contained in the jury charge; however, merely going beyond the language of the charge is not erroneous.  
State v. Renteria
, 977 S.W.2d 606, 608 (Tex. Crim. App. 1998).  Furthermore, the law is well-settled that a party does not improperly argue during jury argument by making arguments based on legal principles not contained in the court’s charge.  
Id
.; 
Middlebrook v.State
, 803 S.W.2d 355, 360-61 (Tex. App.—Fort Worth 1991, pet. ref’d); 
Gillis v. State
, 694 S.W.2d 245, 251 (Tex. App.—Fort Worth 1985, pet. ref’d). “[T]here is no error in correctly arguing the law, even if the law is not included in the court’s charge.”  
Renteria
, 977 S.W.2d at 608.

During closing argument, the State made the following argument concerning appellant’s confession:

[Detective Weenig] went and talked to him and let him put it in his own words.  She didn’t get it in the heat of the moment, she let him wait and think.  She went in there and in his own words and in his own time let him put it down.  What they’re challenging doesn’t affect this—“

Counsel then objected based on the poisonous tree doctrine.

Appellant argues that when one is confronted with an illegal detention that leads to a search or arrest and a confession therefrom, the confession is treated as part of the tainted search and arrest and should not be considered as evidence.  
See Brown v. Illinois
, 422 U.S. 590, 603-04, 95 S. Ct. 2254, 2261-62 (1975); 
Guardiola v. State
, 20 S.W.3d 216, 226 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d).  However, courts have also held that an otherwise valid confession following a detention that is illegal as a matter of state law will not be excludable where it is determined that the taint of the illegality has dissipated by the time the confession was taken. 
 Comer v. State
, 776 S.W.2d 191, 196  (Tex. Crim. App. 1989)
; Bell v. State
, 724 S.W.2d 780, 787 (Tex. Crim. App. 1986), 
cert. denied
, 479 U.S. 1046 (1987); 
see also Brown
, 422 U.S. at 605, 95 S. Ct. at 2262 (holding that when sufficient attenuating circumstances have occurred between the allegedly unconstitutional seizure and the making of a custodial statement, the statement cannot be said to be a product of illegal arrest and is admissible in evidence).

The attenuation of taint analysis has been held to require a four-part inquiry: “(1) whether 
Miranda
 warnings were given, (2) the temporal proximity of the arrest and the confession, (3) the presence of intervening circumstances, and (4) the purpose and flagrancy of the official misconduct.”  
Dowthitt v. State
, 931 S.W.2d 244, 261 (Tex. Crim. App. 1996).  The purpose of this four-part analysis is to determine whether the causal chain between an illegal detention or arrest and the statement at issue has been broken so that the statements are shown to be the product of free will.  
Bell
, 724 S.W.2d at 788.

After applying the four-part test, we conclude that the taint of any possible illegality had dissipated by the time the confession was taken, thus the State’s jury argument was not improper.  First, Detective Weenig read appellant his 
Miranda
 rights, and asked him if he understood his rights, and then appellant signed a statement that he did in fact understand his rights.  This factor weighs in favor of the State.  The second factor, temporal proximity of the arrest and the confession, also weighs in favor of the State.  Here, Detective Weenig did not conduct her interview with appellant until approximately two days after his arrest.  
Contra
 
id
. (holding that confession obtained in close temporal proximity, within one and a half to three hours of defendant’s arrest, weighed in favor of defendant); 
Vicioso v. State
, 54 S.W.3d 104, 112 (Tex. App.—Waco 2001, pet. ref’d) (holding that three hours elapsing between arrest and defendant giving his written statement weighed in favor of defendant).  

There is no evidence in the record that
 
there were any intervening circumstances.  Appellant stated that he wanted to talk and “get it off his chest.”  Detective Weenig did not threaten or physically strike appellant.  Appellant appeared to be in his right frame of mind and was not under the influence of alcohol.  When appellant provided his written statement, Detective Weenig let him write as much as he wanted, she did not edit or add anything, and she did not tell him what to write.  Accordingly, this factor also weighs in favor of the State.  

Finally, cases in which courts have found the purpose and flagrancy of the official misconduct to weigh in favor of a defendant are distinguishable from these facts.  
See
 
Duncan v. State
, 639 S.W.2d 314, 318 (Tex. Crim. App. 1982) (defendant was roused from bed at 3:00 a.m. for interrogation purposes, and was interrogated until 6:30 a.m., when she signed a written confession); 
Green v. State
, 615 S.W.2d 700, 704 (Tex. Crim. App. [Panel Op.] 1980), 
cert. denied
, 454 U.S. 952 (1981) (holding that defendant arrested in the middle of the night, with officers rousing him from sleep, pointing shotguns in his direction, and then leading him out into freezing weather with no coat, outer clothing, or shoes).  Here, Officer Williams followed a van that matched the description of one that had just been involved in a robbery.  He clarified that the description was in fact a green Ford Astro van.  After making eye contact with the passenger and seeing the passenger suspiciously looking away, Officer Williams then initiated a stop.  His conduct was not in any way as extreme as that of the law enforcement personnel involved in 
Green
 or 
Duncan
.
  Thus, the fourth factor weighs in favor of the State.

Having concluded that all four factors weigh in favor of the State, we hold that the State’s argument during closing was proper, and the court properly overruled appellant’s objection.  
See Renteria
, 977 S.W.2d at 608.  The argument merely demonstrated how any taint from the allegedly improper detention had been attenuated by the time appellant provided his written confession.  Appellant’s sole point is overruled.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 15, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.