Affirmed and Memorandum Opinion filed August 18, 2005









Affirmed and Memorandum Opinion filed August 18, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00248-CR

NO. 14-04-00249-CR

NO. 14-04-00250-CR

____________

 

SHEILA
DENISE LATHAM, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________________

 

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause Nos. 886,873; 949,495 & 949,496

________________________________________________________________________

 

M E M O R A N D U M   O P I N I O N








Appellant, Sheila Denise Latham,
was charged with one count of theft and two counts of misapplication of
fiduciary property.  The jury found
appellant guilty and assessed punishment at probation for ten years and a $10,000
fine.  Challenging her convictions,
appellant asserts on appeal that (1) the evidence is factually insufficient to
support her conviction, (2) the prosecutor improperly commented during final
argument on appellant=s failure
to testify, and (3) the trial court erred in denying her request to include
certain items in the jury charge.  We
affirm.

Background

In the early 1990s, Cleophus
Graves, the complainant in this case, became unable to attend to his physical
and financial needs.  In January 1991, a
Harris County probate judge appointed appellant, an attorney who practiced
probate and guardianship law at that time, to be the guardian of Graves=s
estate.  Appellant=s
guardianship of Graves=s estate
appears to have been proper until 1994, when the probate court began noticing
problems in appellant=s annual
accounts for the estate.  From that point
on, none of appellant=s annual
reports were approved by the court, and the probate court refused to pay
appellant for her work as guardian of Graves=s estate.

In the mid-1990s, appellant
invested $40,000 of her own money into a personal injury case, which she lost
at trial.  After this loss, appellant
wanted to quit practicing law and open a store with a close friend, Sandrice
McGlown.  Appellant wanted her long-time
legal secretary, Ingrid Caldwell, to be involved in the new venture.  McGlown apparently did not want Caldwell
involved in the business, and when appellant insisted that Caldwell be included
in the venture, McGlown backed out and withdrew her money, which was all the
capital they had for the business.








After McGlown backed out of the
venture, appellant and Caldwell went forward with their plans and opened a
store.  It is undisputed that
approximately $72,000 from Graves=s estate
was deposited into various business accounts and used to finance this
business.  Appellant claims that she was
unaware of this activity and that Caldwell took the money on her own, forging
appellant=s signature as necessary to
obtain money from Graves=s
estate.  However, Caldwell testified that
appellant told her she was borrowing money from the estate and would repay it
when the store made money.  The store
never made money and closed a few months later. 
Appellant and Caldwell later opened other stores with the remaining
merchandise, which they had purchased with money from Graves=s
estate.  These stores failed, too.

In 1998, the probate court
appointed a successor guardian, Wesley Wright, to replace appellant as guardian
of Graves=s estate.  Wright quickly discovered that the estate,
which had been valued at nearly $100,000 in the early 1990s, had been depleted
to only $3,100.

Sufficiency of the Evidence

In her second issue, appellant argues the evidence is
factually insufficient to support the jury verdict.  When evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
A reviewing court may find the evidence factually insufficient in two
ways.  Id. First, when considered
by itself, the evidence supporting the verdict may be too weak to support the
finding of guilt beyond a reasonable doubt. 
Id.  Second, after weighing
the evidence supporting the verdict and the evidence contrary to the verdict,
the contrary evidence may be strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Id.
at 484B85. 
In conducting the factual‑sufficiency review, we must employ
appropriate deference so that we do not substitute our judgment for that of the
fact finder.  Id. at 481B82. 
Our evaluation should not intrude upon the fact finder=s role as the sole judge of the
weight and credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).








Appellant asserts the evidence is
factually insufficient in two ways. 
First, she claims that because the probate court never approved her
annual reports after 1993 and thus never renewed her letters of guardianship,
there is insufficient evidence to support a finding of a fiduciary
relationship, which is necessary to prove misappropriation of fiduciary
property.  Two probate law experts
testified that, although the probate court may not have renewed her letters of
guardianship, as long as appellant had possession of the money in Graves=s estate,
she owed him a fiduciary duty not to use that money for her own benefit.  They also testified that appellant remained
Graves=s
guardian until the probate court officially removed her and appointed a new
guardian in 1998.

Second, appellant asserts that
the evidence is factually insufficient to show theft Abecause
of the conflicts in the testimony regarding who signed [appellant=s] name
to have the funds from the Graves estate deposited into a personal and private
business account.@  She points to evidence indicating that
Caldwell signed appellant=s name to
various instruments used to withdraw funds from the estate and to her
impeachment of Caldwell at trial with evidence suggesting Caldwell previously
had taken money from other wards= accounts
for personal use.  However, Caldwell
admitted that she had signed appellant=s name to
several of these instruments, explaining that she was acting under appellant=s
directions and that, in her capacity as appellant=s legal
secretary, Caldwell signed appellant=s name
frequently.  Caldwell also testified that
appellant told her she was Aborrowing@ money
from Graves=s estate to finance the business
and eventually would repay it.  Further,
it is undisputed that the first deposit into the store account was from a
certificate of deposit belonging to Graves=s estate
that appellant directed to be closed out and which appellant endorsed
herself.  The instructions under the
endorsement to deposit the money into the store account were written by
Caldwell, but again, Caldwell explained that she was following appellant=s orders,
and other testimony established that there was no legitimate need for Graves=s estate
to close out the certificate of deposit at that time.  The jury was entitled to believe Caldwell=s
testimony, despite appellant=s
attempts to impeach her.  See Cain,
958 S.W.2d at 407.  








Viewing all the evidence in a neutral light, the jury was
rationally justified in finding appellant owed Graves a fiduciary duty at the
time the money was stolen and that she was responsible for the theft.  Having rejected appellant=s
challenges to the sufficiency of the evidence, we overrule her second issue.

Comment on Failure to Testify

In her first issue, appellant
argues that in his closing argument, the prosecutor made three separate
references to her failure to testify.  AProsecutorial
comment that refers to an accused=s failure
to testify violates the accused=s Fifth
Amendment right against compelled self-incrimination.@  Canales v. State, 98 S.W.3d 690, 695
(Tex. Crim. App. 2003).  It is not
sufficient that a comment may be construed as an indirect or implied allusion;
rather, the comment clearly must refer to the accused=s failure
to testify.  Id.  We must determine whether the language was Amanifestly
intended or was of such a character that the jury would necessarily and
naturally take it as a comment on the defendant=s failure
to testify.@ 
Id.  We examine each
comment in turn.

Appellant complains first about
the following argument:

You heard the facts and
the [jury charge] talks about this.  It
says, You can=t consider facts not
before you in evidence.  Lawyers= questions are not
evidence in and of themselves.  For example,
the old saw that everybody says, when-did-you-stop-beating-your-wife kind of
question.  The person goes what?  No, I never. 
You know that=s not any evidence of wife
beating.

And, so, a defendant doesn=t have to testify; but, if
a lawyer asks a question, you can=t take that question as
evidence if the answer is no.  That=s no evidence before
you.  You can=t speculate as to what
somebody would have said if they testified and you can=t consider things that
aren=t in evidence.

 








(emphasis added).  Appellant claims that the last line of this
argument constitutes a comment on her failure to testify.  We disagree. 
Viewed in context, the prosecutor was merely explaining to the jury that
it could not consider evidence not before it and drawing the jury=s
attention to the charge, which contained similar instructions.  There is no error in correctly arguing the
law, and each side is entitled to explain a legal concept as long as the example
does not constitute a statement of law contrary to that in the charge.  See State v. Renteria, 977 S.W.2d 606,
608 (Tex. Crim. App. 1998); Corpus v. State, 30 S.W.3d 35, 41 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  The prosecutor did not argue the law
incorrectly, and his statement was not improper.

Appellant next complains about
the following statement:

You would think, if the
secretary did it, you would say, Look, man, the secretary took the money.  I will report her to the police.

 

The prosecutor here was challenging the
defensive theory that appellant was unaware of Caldwell=s alleged
wrongdoing by commenting on appellant=s failure
to report Caldwell to the police once she discovered it.  Responding to a defensive theory is proper
argument.  Jackson v. State, 17
S.W.3d 664, 673 (Tex. Crim. App. 2000). 
Further, this argument does not point to a lack of testimony at trial
but rather a lack of reporting to the police, which was long before trial.

Finally, appellant complains
about the following argument, made immediately after the above comment:  

No evidence from the
witness stand from Ingrid Caldwell testifying that she was ever reprimanded by
anybody, that she was ever reported to the police, that she was ever reported
to the Court.

 

This argument dealt not with appellant=s failure
to testify but with Caldwell=s
testimony.  Either person could have
testified about appellant=s failure
to reprimand or report Caldwell, and when a statement does not refer to
evidence that can come only from the defendant, it is not a direct comment on
the defendant=s failure to testify.  Goff v. State, 931 S.W.2d 537, 548
(Tex. Crim. App. 1996).








None of the statements about
which appellant complains constitutes a comment on her failure to testify.  We overrule appellant=s first
issue.

Jury Charge

In her final issue, appellant
claims that the trial court erred in denying several requested changes to the
jury charge.  In her appellate brief,
appellant merely notes that she requested changes in five different areas of
the charge, but she does not specify exactly which items form the basis of her
complaint on appeal.  She also fails to
provide any analysis or authority as to why she was entitled to the requested
changes or how the trial court=s failure
to grant these requests harmed her. 
Appellant has inadequately briefed this issue, thus presenting nothing
for our review.  See Tex. R. App. P. 38.1(h); Jensen v.
State, 66 S.W.3d 528, 534 n.3 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d).  Accordingly, appellant has waived her
complaint, and we overrule her third issue.

Having overruled each of
appellant=s issues, we affirm the trial
court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed August 18, 2005.

Panel consists of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).